Williams Law Firm, P.C.
Susan Moriarity Miltko, Esq.
James David Johnson, Esq.
Hannah I. Higgins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
susan@wmslaw.com
james@wmslaw.com
hannah@wmslaw.com
*Attorneys for Defendants Montana*
*University Systems and University of Montana*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, and RHONDIE VOORHEES,<br><br>Plaintiffs,<br><br>-vs-<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA–MISSOULA, and JOHN DOE DEFENDANTS 1-50,<br><br>Defendants. | CV 21-88-M-BMM<br><br><br>DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL |

Defendants Montana University System ("MUS") and University of Montana–Missoula ("UM") submit the following Brief in Support of Defendants' Motion for Partial Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Sontag Bowman's claims are not actionable under Title IX as

the factual allegations in her Complaint fail to establish an adverse employment action that can be the basis of a retaliation claim. An "adverse" action on the part of the Defendant is a requisite element for either an employment discrimination claim or a retaliation claim under Title IX. Here, the pleadings indicate that the only "action" taken was by Dr. Sontag Bowman when she chose to not apply for the chair position in her department. An employee's own decision to not seek a position cannot constitute an adverse employment action as a matter of law. As such, Dr. Sontag Bowman's Title IX claim, as well as her derivative claim for breach of the covenant of good faith and fair dealing should be dismissed.

## **INTRODUCTION**

Plaintiffs' claims arise from a Complaint and subsequent Amended Complaint filed by one current and three former employees of the University of Montana–Missoula. Plaintiffs seek damages under Count 1 – Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.* ("Title IX") and Count 2 – Breach of Covenant of Good Faith and Fair Dealing.[1] The Plaintiffs additionally request certification of the claims as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek monetary damages, declaratory relief, and injunctive relief in their Prayer for Relief.

---

[1] Plaintiffs rely on the Court's exercise of supplemental jurisdiction on Count 2. That claim is entirely premised upon the merits of Count 1.

Defendants deny Plaintiffs' allegations and further deny that class certification of the claims is appropriate. Contemporaneously filed herewith is *Defendants' Answer to Plaintiffs' First Amended Complaint*. Defendants further oppose Plaintiffs' request for both declaratory and injunctive relief as improper and unnecessary as only one of the four Plaintiffs, Dr. Sontag Bowman, is still employed with UM. As discussed below, Plaintiff Sontag Bowman's allegations fail to establish a prima facie claim under Title IX because there is no factual basis alleged of retaliation in the form of an adverse employment action against Dr. Sontag Bowman. As such, her claim should be dismissed.

While Plaintiffs seek to characterize their claims as actionable Title IX violations, in reality, the claims are recitations of employment disputes by one employee who voluntarily left her position, two whose contracts were not renewed due to widespread re-structuring, and a fourth who, while still employed, chose not to apply for a position as the Chair of the School of Social Work.[2] With respect to Dr. Sontag Bowman's claim, no adverse employment action is even alleged by the employee. While Defendants deny that any of the claims are actionable, Defendants move to dismiss Plaintiff Sontag Bowman's claims because, even taking all of her

---

[2] While not the basis of the current motion, Defendants note, even on the face of the Complaint, none of the employment disputes are on the basis of sex.

allegations as true, she has failed to state a legal claim upon which relief can be granted.

## BACKGROUND

The four named Plaintiffs filed their initial Complaint in this matter on August 4, 2021. Prior to service of suit or an appearance by the Defendants, Plaintiffs filed an Amended Complaint on August 19, 2021. The factual underpinnings of the four unique claims remained the same yet the Amended Complaint added a request for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

In addition to monetary damages, the Prayer for Relief in the Amended Complaint includes a claim for declaratory relief "declaring Defendants' discriminatory practices violate Title IX, their policies and Montana law." The Prayer for Relief further includes multiple requests for injunctive relief. Notably, however, the Plaintiffs have not filed a motion for injunctive relief nor presented a factual basis to support the need for such relief. Instead, it appears that Plaintiffs simply want an order requiring that the University of Montana abide by the requirements of Title IX generally, a standard that already exists under the law.

At issue in the present motion is the claim on behalf of Mary-Ann Sontag Bowman, Ph.D. Dr. Sontag Bowman is still employed at the University of Montana. She does not identify any adverse employment action but premises her claim on an

4

asserted *fear of retaliation* and fails to identify any alleged adverse employment action that *actually occurred*.

Mary-Ann Sontag Bowman, Ph.D. is a tenured associate professor at the University of Montana in the School of Social Work. *Am. Compl.*, ¶ 88. Dr. Sontag Bowman notes a history of her raising concerns about both the hiring of Seth Bodnar as President of UM and complaints about his administration, *Am. Compl.*, ¶¶ 99-101, but she fails to identify any employment action that would qualify as retaliation under Title IX for raising such concerns. Instead, her claim is premised in the fact that she did not become chair of the School of Social Work in 2020. According to the Complaint, in 2020, at the encouragement of UM leadership, the current chair of the School of Social Work, a man, sought a second 5-year term. *Am. Compl.*, ¶ 95. Dr. Sontag Bowman alleges his selection would "effectively, foreclose female leadership in the School of Social Work for a decade." *Am. Compl.*, ¶ 95.

As is demonstrated in the Amended Complaint, however, Dr. Sontag Bowman was not denied the position but simply chose not to seek the position. Taking the allegations in the Amended Complaint as true, Dr. Sontag Bowman does not assert that she was denied the position or that any adverse employment action was taken. On the contrary, in the Amended Complaint, Dr. Sontag Bowman admits she *did not apply* for the chair leadership position. *Am. Compl.*, ¶ 97. She was never denied the Chair position at the School of Social Work. Rather, she simply decided not to apply

5

for the position. Plaintiffs only allegation on the basis of sex is Dr. Sontag Bowman's own statement that "[t]he optics and implications of a female faculty being led by a man …are unfortunate; …that she found it "all disheartening and disappointing"; and that she stated "women need not apply is the bottom line. *Am. Compl.*, ¶ 96. Importantly, the only factual allegation in the Amended Complaint supporting Dr. Sontag Bowman's general assertion that her career has hit a "career-brick-wall" in her position at UM are the facts surrounding her own decision not to apply for the Chair position in her department. *Am. Compl.*, ¶ 98.

Further, while Dr. Sontag Bowman alleges she has acted under the persistent fear of retaliation, *Am. Compl.* ¶ 102, Plaintiffs fail to identify any acts of retaliation or adverse employment action that have actually been taken against Dr. Sontag Bowman. Rather, Plaintiffs appear to allege Dr. Sontag Bowman's own decision not to apply for the chair position constitutes retaliation.

Dr. Sontag Bowman also alleges a separate claim for breach of the covenant of good faith and fair dealing. While there are number of legal defenses to this claim, taking the allegations of the Complaint as true, the only basis for the breach of the covenant of good faith and fair dealing claim is the allegation that Defendants deprived Plaintiffs "the Title IX benefits to which they were lawfully entitled." *Am. Compl.*, ¶ 204. Thus, Dr. Sontag Bowman's claim based on the breach of covenant

of good faith and fair dealing is entirely derivative of her Title IX claim, which is not actionable. Thus, this derivative claim should likewise be dismissed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim is proper if there is a "lack of cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

A court should generally accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff, though a court should not accept non-factual matter or "conclusory statements" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Plaintiffs are required to provide more than "bare assertions" or a "formulaic recitation of the elements'" in pleading a claim. *Ashcroft*, 556 U.S. at 581 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even at the motion to dismiss stage, plaintiffs must do something to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In making that determination, the Court must accept as true all well-pled factual allegations and draw from them all reasonable inferences. *See, E.G., Dane v. Unitedhealthcare Ins. Co.*, 974 F. 3d 183, 188 (2d Cir. 2020). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7

conclusory statements, do not suffice." *Id.* at 189 (internal quotation marks omitted). The Court may also consider any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any integral document on which the plaintiff relied in drafting the complaint. *See Nicosia v. Amazon.com, Inc.,* 834 F, 3d 220, 230-31 (2d Cir. 2016).

Here, talking all factual allegations as true and disregarding "conclusory statements," Dr. Sontag Bowman has failed to state a plausible claim for relief in her Amended Complaint. As such, Dr. Sontag Bowman's claims should be dismissed as a matter of law pursuant to Rule 12(b)(6).

I. **LEGAL ANALYSIS**

    A. <u>Dr. Sontag Bowman's Title IX claim is not actionable as a matter of law as no adverse employment action was taken against her.</u>

Title IX provides that protected persons shall not "on the basis of sex ... be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). This provision, which is enforceable through an implied private right of action, was enacted to supplement the Civil Rights Act of 1964's bans on racial discrimination in the workplace and universities. *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1134-35 (9th Cir. 2006). Because "Title IX was enacted to supplement the Civil Rights Act of 1964" and "mirrors the substantive provisions of Title VI…courts have interpreted Title IX

8

by looking to the body of law developed under Title VI, as well as the caselaw interpreting Title VII." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994). Certain Federal Circuits have thus held that [v]ictims may enforce Title IX's protections against sexual discrimination through a private action. *Cannon v. University of Chicago*, 441 U.S. 677, 688-709 (1979).

In order to establish a prima facie case of discrimination a plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) similarly situated men or white women were treated more favorably. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). Such claims have been recognized in a variety of factual contexts including claims for retaliation, claims for hostile work environment, and claims asserting discriminatory practices and policies.

A prima facie case of a Title IX retaliation claim requires a plaintiff to allege, by adequate pleading, three elements: (1) plaintiff was "engaged in [a] protected activity"; (2) plaintiff "suffered an adverse action"; and (3) a "causal link" between the first two elements. *Emeldi v. University of Oregon,* 698 F.3d 715, 724 (9th Cir. 2012) (citing *Brown v. City of Tucson,* 336 F.3d 1181, 1192 (9th Cir. 2003)). Plaintiff must adequately plead that "a reasonable [person] would have found the challenged

action materially adverse." *Id.*, at 726. Moreover, Title IX requires actual notice of the retaliation and deliberate indifference to it by the defendant employer. *Fox v. Pittsburg State Univ.*, 257 F. Supp. 3d 1112, 1133–34 (D. Kan. 2017).

While Dr. Sontag Bowman does not overtly identify which legally cognizable theory for a Title IX claim she is asserting, she clearly does not assert either a hostile work environment or identify a discriminatory practice or policy. Rather, Dr. Sontag Bowman's claims demonstrate what appears to be a retaliation claim based on her criticisms of Seth Bodnar and the current administration at the University of Montana. *Am. Compl.*, ¶ ¶ 99-101 (alleging Dr. Sontag Bowman has "repeatedly raised concerns over UM's poor male leadership and discriminatory treatment of women;" alleging she has "brought to light" President Bodnar's "resume inaccuracies" and challenged male promotions; and alleging Dr. Sontag Bowman has "served as a whistleblower, bravely alerting UM to issues regarding unequal gendered actions…").

As set forth above, an "adverse action" is a necessary element for either an employment discrimination or a retaliation claim. *Emeldi,* 698 F.3d at 724. (The Courts have defined an adverse employment action as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Hiatt v. Colorado Seminary*, 858 F.3d 1307, 1316 (10th Cir. 2017)).

10

Demotion, failure to promote, suspension, and denial of benefits may constitute adverse employment action actionable under Title IX. *Nelson v. University of Maine System*, 923 F. Supp. 275 (D. Me. 1996). "Not everything that makes an employee unhappy is an actionable adverse action." *Stephens v. Erickson,* 569 F.3d 779, 790 (7th Cir. 2009).

*Burton v. Board of Regents of University of Wisconsin System,* 851 F.3d 690 (7th Cir.) is illustrative as to the materiality of actions that potentially qualify as adverse employment actions under Title IX. The Plaintiff in *Burton*, who was a tenure-track professor, alleged retaliation and discrimination against her university employer after she reported a complaint of sexual harassment to her department chair by a student involving another professor. Burton claimed that adverse employment actions were taken against her as a result of sexual harassment based on the allegation that: 1) the chair criticized her in a post-incident memorandum circulated to multiple professors and 2) withdrew support for her cybersecurity initiative. On appeal, the Seventh Circuit upheld the district court's determination that the allegations did not qualify as actionable under Title IX noting: "[w]hile [Burton] may have perceived that Throop and Caywood had retaliated against her, these actions simply do not rise to the level of a materially adverse employment action protected by Title IX." 851 F.3d 690, 697 (7th Cir. 2017). *See also Cavalier v. Cath. Univ. of Am.*, 306 F. Supp. 3d 9, 36 (D.D.C. 2018) (acts such as deciding not to a

11

screen a documentary, adjusting group events such as Take Back the Night and naming a new deputy Title IX coordinator within a day of Plaintiff's graduation did not rise to the level of an adverse action.)

Here, Dr. Sontag Bowman's claim is not actionable as Plaintiffs' own allegations fail to identify any adverse employment action upon which a claim can be based. To the contrary, her own allegations establish that it was Dr. Sontag Bowman's own decision to not to apply for the chair position, not an action by the University of Montana. The allegations, as stated, assert that '[i]n 2020, at the encouragement of UM leadership, the only male faculty member and current chair sought a second 5-year term…" *Am. Compl.*, ¶ 95. Dr. Sontag Bowman then quotes herself as saying "UM has a gender issue in leadership positions, and this email establishes a plan to have that continue in the School of Social Work. The optics and implications of a female faculty being led by a man-and years and years of male leadership in a female-dominated department and profession – are unfortunate. I find all that disheartening and disappointing -women need not apply is the bottom line." *Am. Compl.*, ¶ 96. Dr. Sontag Bowman overtly pleads: "[h]ad UM not discouraged other applicants by selecting its preferred choice, Dr. Sontag Bowman would have applied for this leadership position. *Am. Compl.*, ¶ 97. In other words, Dr. Sontag Bowman *did not apply* for the leadership position.  Dr. Sontag Bowman's claim is based solely on her own decision not to seek the position of the chair of social work

and fails to identify any action by the University of Montana that could be considered an employment action.

To survive a motion to dismiss, Rule 8 requires a plaintiff to include enough facts "raise a right to relief above a speculative level." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted). Taking Plaintiffs' allegations as true, it was Dr. Sontag Bowman, not the University, who said "women need not apply is the bottom line." *Am. Compl.* ¶ 96. Dr. Sontag Bowman's claim appears to be premised upon her own speculation that she would not have been selected chair of the School of Social Work and her resulting decision to not apply. In order to plead a prima facie claim for Title IX discrimination, a claimant must plead facts establishing an adverse employment action, mere speculation cannot raise an issue of fact. *Emeldi v. University of Oregon,* 698 F.3d 715, 724; (9th Cir. 2012) (citing *Brown v. City of Tucson,* 336 F.3d 1181, 1192 (9th Cir. 2003)). As such, she fails to even plead a prima facie case for Title IX discrimination.

Here, there is no requisite factual basis of an adverse employment action against Dr. Sontag Bowman. Dr. Sontag Bowman was not denied the Chair position in the School of Social Work; she simply did not apply. Plaintiffs failed to allege any actual adverse employment action taken against Dr. Sontag Bowman by the Defendants.

Plaintiffs further allege "fear of retaliation" as a basis for Dr. Sontag Bowman's Title IX claim. In essence, Dr. Sontag Bowman alleges anticipatory adverse material action as the basis for her retaliation claim. Title IX law, however, does not recognize anticipatory adverse material action as actual adverse material action. While some courts have contemplated "anticipatory retaliation" claims, *Guimaraes v. SuperValu. Inc.*, 674 F.3d, 962, 978-79 (8th Cir. 2012) (considering and rejecting a claim asserting an employer took an adverse employment action prior to a protected activity in anticipation of the protected activity), no court has no gone so far as to permit claims based on anticipatory adverse material action. Simply put, there is no private right of action to pursue a claim based on subjective "fear of retaliation."

In sum, there is no factual basis found in the Amended Complaint to support a retaliation claim under Title IX because the Amended Complaint fails to identify an adverse employment action against Dr. Sontag Bowman. The only adverse event described in the Amended Complaint is Dr. Sontag Bowman' own decision not to seek the chair position.

### B. <u>Dr. Sontag Bowman's breach of the covenant of good faith and fair dealing claim is not actionable</u>.

Plaintiff Sontag Bowman's remaining claim for the breach of the covenant of good faith and fair dealing is based entirely on the allegation that Defendants failed to fulfill their obligations under Title IX. As set forth above, Dr. Sontag Bowman's

Title IX claim is not actionable. As such, her derivative claim for the breach of the covenant of the good faith and fair dealing likewise fails as a matter of law as there is no legal basis for the claim separate and apart from the Title IX claim. *See Mysse v. Martens*, 279 Mont. 926 P.2d 765, 774 (Mont. 1996) ("because Mysse did not allege any damages arising from this breach separate from the damages arising out of her discharge, the complaint is insufficient to indicate a separate claim [based on implied covenant of good faith and fair dealing].") Alternatively, the Court should decline supplementation jurisdiction over this claim based on dismissal of the original jurisdiction claim. 28 U.S.C. § 1367 (c)(3).

## CONCLUSION

This Court should dismiss the claims by Dr. Sontag Bowman. Her claims that she has engaged in protected activity that could subject her to an adverse employment action fail since she does not plead any adverse employment action by the University of Montana. As such, her claims fail as a matter of law. Accordingly, Defendants request an order dismissing all claims by Dr. Sontag Bowman.

DATED this  18th  day of  October , 2021.

/s/ *Susan Moriarity Miltko*
Susan Moriarity Miltko, Esq.
James D. Johnson, Esq.
Hannah I. Higgins, Esq.
*Attorneys for Defendants Montana University Systems and University of Montana*