Williams Law Firm, P.C.
Susan Moriarity Miltko, Esq.
James David Johnson, Esq.
Hannah I. Higgins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
susan@wmslaw.com
james@wmslaw.com
hannah@wmslaw.com
*Attorneys for Defendants Montana*
*University Systems and University of Montana*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, and RHONDIE VOORHEES,<br><br>Plaintiffs,<br><br>-vs-<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA–MISSOULA, and JOHN DOE DEFENDANTS 1-50,<br><br>Defendants. | CV 21-88-M-BMM<br><br>DEFENDANTS' ANSWER AND JURY DEMAND |

## General Objection

As an initial matter, Defendants Montana University System and University of Montana-Missoula object to Plaintiffs' Complaint as a violation of Rule 8(a), Fed. R. Civ. P. Plaintiffs' Amended Complaint consists of 42 pages and 205 paragraphs

of allegations. It is not a short and plain statement of the claim showing that the pleader is entitled to relief, but an improper pleading containing improper, false, and inflammatory accusations. As such, portions of Plaintiffs' Complaint should be stricken from the record. The First Amended Complaint violates both the spirit and letter of Rule 8. In fact, "[r]ather than set out the basis for a lawsuit, the pleading appears to be designed to provide quotations for newspaper stories." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming the district court's dismissal of a complaint deemed "argumentative, prolix, replete with redundancy and largely irrelevant" for violation of Rule 8 and the court's order). Here, Plaintiffs released both the Complaint and First Amended Complaint to media outlets simultaneous with providing them to the parties.

Notwithstanding such objection, Defendants Montana University System and University of Montana–Missoula respond to Plaintiffs' First Amended Complaint and Demand for Jury Trial as follows:

### Introduction

1. In response to Paragraph 1, the language of 28 U.S.C. § 1681, *et seq.* speaks for itself. The remainder of Paragraph 1 consists of argument and narrative and need not be admitted or denied. To the extent a response is necessary, the remaining allegations in Paragraph 1 are denied.

2. Defendants deny the allegations in Paragraph 2.

## Parties

3. In response to Paragraphs 3–6, Defendants admit Plaintiffs' residency as pled.

4. In response to Paragraph 7, Defendants admit that Montana's Constitution vests sole and full authority in the Board of Regents to "supervise, coordinate, manage and control the Montana university system." Article X, Section 9 of the Montana Constitution speaks for itself and no response is necessary. To the extent a response is necessary, the remaining allegations in Paragraph 1 are denied.

5. Defendants admit Paragraph 8.

6. In response to Paragraph 9, Defendants admit that the University of Montana in Missoula ("UM") is one of the units in the Montana University System. Defendants deny the remaining allegations.

7. Answering Paragraph 10, Defendants admit the same.

8. Paragraph 11 is directed toward John Doe Defendants and no response is necessary. To the extent a response is necessary, Defendants deny the same.

## Venue and Jurisdiction

9. In response to Paragraphs 12 and 13, Defendants admit venue and jurisdiction.

10. The allegations in Paragraph 14 constitute Plaintiffs' characterization of the lawsuit for which no answer or response is necessary. To the extent a response is deemed required, Defendants deny the allegations.

11. Paragraph 15 calls for a legal determination to be made by the Court and no response is necessary. To the extent a response is necessary, Defendants deny the same.

12. Defendants are without sufficient information to respond to the allegations in Paragraph 16 and therefore deny the same.

13. In response to Paragraph 17, Defendants admit venue is proper.

14. Paragraph 18 is Plaintiffs' characterization of Title IX generally to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

15. In response to Paragraph 19, the language of the referenced policies and procedures speak for themselves. Defendants admit UM has adopted policies and procedures to implement requirements of Title IX.

16. In response to Paragraph 20, the language of the referenced policies and procedures speak for themselves.

17. In response to Paragraph 21, Defendants admit UM is a flagship institution of the Montana University System and further admits UM has had the highest

enrollment among the universities in the State. Defendants admit UM maintains a favorable reputation for its undergraduate and professional programs.

### Facts

18. In answer to Paragraph 22, Defendants admit only that UM athletics are one source, among many, of pride for students, alumni, and Montanans and that athletics, as well as academics, are a source of income that attract students, employees, alumni, and community members to the University of Montana. Defendants deny the remaining allegations of Paragraph 22.

19. Defendants deny Paragraph 23.

20. Defendants admit Paragraph 24.

21. The allegations in Paragraph 25 are an irrelevant, inaccurate, and argumentative characterization of the U.S. Department of Justice and Department of Education's investigation of UM for which no answer or response is necessary. To the extent a response is deemed required, Defendants deny the allegations.

22. In response to the allegations in Paragraph 26, the findings of the conclusions of the investigation speak for themselves and no response is necessary from these Defendants. To the extent a response is deemed necessary, Defendants deny the same.

23. In response to Paragraph 27, Defendants admit only that the book "Missoula: Rape and the Justice System in a College Town" was authored by Jon

Krakauer and published. The remaining allegations in Paragraph 27 constitute Plaintiffs' argument and characterization of the book to which no response is necessary from these Defendants. To the extent a response is deemed necessary, Defendants deny the same.

24. The allegations in Paragraph 28 are irrelevant, inaccurate, and argumentative and no response is required. To the extent a response is required, Defendants admit only that UM saw a decline in enrollment between 2011 and 2020. Defendants deny the remaining allegations of Paragraph 28.

25. In response to Paragraph 29, Defendants admit only that Royce Engstrom resigned at the end of 2016 and that the University of Montana then sought a new president. The remaining allegations in Paragraph 29 constitute Plaintiffs' argument and characterization of the change in Presidency at UM to which no response is necessary from these Defendants. To the extent a response is deemed necessary, Defendants deny the same.

26. In response to Paragraph 30, Defendants admit Seth Bodnar was appointed President at UM. Defendants further admit Bodnar worked as an executive at G.E. and graduated from West Point. The remaining allegations in Paragraph 30 constitute Plaintiffs' argument and characterization of the change in Presidency at UM to which no response is necessary from these Defendants. To the extent a response is deemed necessary, Defendants deny the same.

6

27. The allegations in Paragraph 31 are irrelevant, inaccurate, and argumentative and no response is required. To the extent a response is required, Defendants deny the same.

28. In response to Paragraph 32, Defendants admit only that Seth Bodnar served in the United States military. The remaining allegations in Paragraph 32 are irrelevant, inaccurate, and argumentative and no response is required. To the extent a response is required, Defendants deny the same.

29. The allegations in Paragraph 33 are irrelevant, inaccurate, and argumentative and no response is required. To the extent a response is required, Defendants deny the same.

30. The allegations of Paragraphs 34 and 35 are inappropriate, inflammatory, and argumentative assertions, not statements of fact. To the extent a response is required, Defendants deny the allegations in Paragraphs 34 and 35.

31. Defendants deny the allegations of Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45.

**Catherine Cole**

32. Defendants admit Paragraph 46.

33. In response to Paragraph 47, Defendants admit Plaintiff Cole previously worked at the University of North Florida. Defendants are without sufficient

7

information to respond to the remaining allegations in Paragraph 47 and therefore deny the same.

34. In response to Paragraph 48, Defendants admit Plaintiff Cole was 50 years old when she was hired at UM. Defendants are without sufficient information to respond to the allegations in Paragraph 48 and therefore deny the same.

35. Defendants deny Paragraphs 49 and 50.

36. In response to Paragraph 51, Defendants admit Ms. Cole's salary was $170,000 annually. Defendants deny the remaining allegations in Paragraph 51.

37. In response to Paragraph 52, Defendants admit that the Vice President of Enrollment Management and Strategic Communication position involved dealings with marketing, communications, and enrollment.

38. Defendants admit the allegations of Paragraph 53.

39. Defendants deny Paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, and 65.

**Barbara Koostra**

40. Defendants admit the allegations of Paragraphs 66 and 67.

41. In response to Paragraph 68, Defendants admit only that the Montana Museum of Art and Culture's permanent collection expanded between 2005 and 2019.

42. Defendants are without sufficient information to respond to the allegations in Paragraphs 69 and 70 and therefore deny the same.

43. Defendants deny the allegations of Paragraphs 71–74.

44. Defendants admit Paragraph 75.

45. Defendants deny the allegations of Paragraph 76.

46. In response to Paragraph 77, Defendants admit that on November 13, 2018, the Provost's office contacted Ms. Koostra to schedule a meeting. Defendants deny the remaining allegations in Paragraph 77.

47. In answer to Paragraph 78, Defendants admit that on November 19, 2018, the Provost notified Ms. Koostra that her contract would not be renewed because of budgetary constraints and reorganization. Defendants further admit that November 19, 2018, was six days after November 13, 2018. Defendants specifically deny the implication of Paragraph 78 that the decision to not renew Ms. Koostra's contract was due to an email dated November 13, 2018.

48. Defendants deny the allegations of Paragraphs 79 and 80 as phrased by Plaintiffs.

49. In response to Paragraph 81 Defendants admit only that, in accordance with the contract, they paid Ms. Koostra through the remaining term of her contract. Defendants deny the remaining allegations in Paragraph 81.

50. Defendants deny the allegations of Paragraphs 82, 83, 84, 85, 86, and 87.

**Mary-Ann Sontag Bowman**

51.     Defendants admit Paragraphs 88 and 89.

52.     Defendants deny the allegations of Paragraph 90.

53.     Defendants admit Paragraph 91.

54.     In response to Paragraph 92, Defendants admit only that there are multiple female employees in the School of Social Work and that the majority of the faculty of the school are women.

55.     In response to Paragraph 93, Defendants admit only that there are generally more female students than male students in the School of Social Work.

56.     Defendants deny the allegations of Paragraph 94.

57.     In response to Paragraph 95, Defendants admit only that the current chair of the School of Social Work sought a second term as chair in 2020. Defendants further admit that that individual is a male. Defendants deny the remaining allegations in Paragraph 95.

58.     In response to Paragraph 96, Defendants admit only that Plaintiff Sontag Bowman sent an email to others with the language referenced in Paragraph 96. Defendants deny the remaining allegations of Paragraph 96.

59.     In answer to Paragraph 97, Defendants admit that Plaintiff Sontag Bowman did not apply for the chair position in 2020. Defendants deny the remaining allegations in Paragraph 97.

60. Defendants deny the allegations in Paragraphs 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, and 108.

**Rhondie Voorhees**

61. Defendants admit Paragraph 109.

62. Defendants are without sufficient information to respond to the allegations in Paragraph 110 and therefore deny the same.

63. Defendants admit Paragraph 111.

64. Defendants are without sufficient information to respond to the allegations in Paragraphs 112 and 113 and therefore deny the same.

65. In response to the allegations in Paragraph 114, Defendants admit Dr. Voorhees had the duties listed in Paragraph 114. Defendants deny the remaining allegations in Paragraph 114.

66. Defendants deny the allegations in Paragraph 115 as phrased by Plaintiffs.

67. Defendants are without sufficient information to respond to the allegations in Paragraph 116 and therefore deny the same.

68. In response to Paragraph 117, Defendants admit only that the investigation by the U.S. Department of Education and U.S. Department of Justice were ongoing in July 2012. Defendants deny the remaining allegations of Paragraph 117 as phrased.

69.   In response to Paragraph 118, Defendants admit only that Dr. Voorhees' duties included input into various responses to the investigation by the U.S. Department of Education and U.S. Department of Justice. Defendants deny the the remaining allegations of Paragraph 118.

70.   In response to Paragraph 119, Defendants admit only that Dr. Voorhees' duties involved issues related to Title IX compliance and potential safety issues. The remaining allegations in Paragraph 119 are Plaintiffs' arguments and characterization of those issues to which no response is necessary. To the extent a response is necessary, Defendants deny the same.

71.   Defendants deny Paragraphs 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, and 131.

**Class Action**

72.   Defendants deny the allegations of Paragraphs 132 and 133.

73.   Defendants deny the allegations of Paragraphs 134 and 135.

74.   In response to Paragraph 136, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(a)(1) included in Paragraph 136 as phrased is an accurate statement of law.

75.   Defendants deny the allegations in Paragraph 137–139.

76. Paragraph 140 appears to be a quote from a textbook to which no response is required. To the extent a response is required, Defendants deny that the quoted language is a correct statement of law as applied to this case or has any application to Plaintiffs' Complaint.

77. Defendants deny Paragraphs 141, 142, 143, 144, 145, 146, and 147.

78. In response to Paragraph 148, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(a)(2) included in Paragraph 148 as phrased is an accurate statement of law.

79. Defendants deny the allegations of Paragraph 149, 150, 151, and 152.

80. In response to Paragraph 153, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(a)(3) as phrased is an accurate statement of law.

81. Defendants deny the allegations of Paragraphs 154, 155, 156, and 157.

82. In response to Paragraph 158, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(a)(4) as phrased is an accurate statement of law.

83. Defendants deny Paragraphs 159, 160, 161, 162, and 163.

84. In response to Paragraph 164, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(b)(1) as phrased is an accurate statement of law.

85. Defendants deny the allegations of Paragraphs 165 and 166.

86. In response to Paragraph 167, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(b)(2) as phrased is an accurate statement of law.

87. Defendants deny the allegations of Paragraphs 168, 169, and 170.

88. In response to Paragraph 171, the language of the Federal Rules of Civil Procedure speaks for itself. Defendants note that the quote is taken out of context and deny that the portion of Rule 23(b)(3) as phrased is an accurate statement of law.

89. Defendants deny Paragraph 172.

90. Defendants are without sufficient information to admit or deny the allegations of Paragraphs 173, 174, 175, 176 and therefore deny the same.

91. Defendants deny the allegations of Paragraph 177.

**Count 1 – Violation of Title IX**

92. Paragraph 178 is an intent to restate prior allegations to which no response is necessary. To the extent a response is necessary, Defendants re-state and re-affirm their prior responses.

93. In response to Paragraph 179, 20 U.S.C. § 1681 speaks for itself.

94. Defendants admit the allegations of Paragraphs 180 and 181.

95. Defendants deny Paragraphs 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, and 197.

**Count 2 – Breach of Covenant of Good Faith and Fair Dealing**

96. Paragraph 198 is an intent to restate prior allegations to which no response is necessary. To the extent a response is necessary, Defendants re-state and re-affirm their prior responses.

97. In answer to Paragraph 199, Defendants admit only that Plaintiffs were contract employees at the University of Montana. Defendants deny the remaining allegations of Paragraph 199.

98. Paragraph 200, 201, 202, and 203 are statements of law to which no response is necessary. To the extent a response is required, Defendants deny they are accurate statements of law applicable to this claim.

99. Defendants deny Paragraphs 204 and 205.

100. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Defendants did not do or fail to do anything that violated Title IX with respect to the Plaintiffs.

3. Plaintiffs' claims for sexual harassment/hostile environment are precluded since Plaintiffs failed to provide actual notice to Defendants such that Defendants could take corrective action.

4. Title IX does not provide a remedy for sexual discrimination in employment.

5. Defendants' conduct did not subject Plaintiffs to harassment. In other words, Defendants did not cause Plaintiffs to undergo harassment or make them liable or vulnerable to it.

6. Some or all of Plaintiffs' claims are precluded under the managerial exception to Title IX.

7. Defendants had legitimate, nondiscriminatory reasons for employment actions involving the Plaintiffs.

8. Plaintiff Bowman's claims for breach of the covenant of good faith and fair dealing are precluded under the collective bargaining agreement governing her employment.

9. Plaintiffs' damages were not caused by Defendants.

10. Plaintiffs failed to mitigate their damages, if any.

11. Alleged acts or omissions occurring before the application limitations period may not give rise to liability.

12. Plaintiffs are not entitled to any damages to the extent they were increased or aggravated by their failure to mitigate their own damages.

13. Plaintiffs are not entitled to damages for any physical or mental conditions that pre-existed in whole or in part the incidents alleged in the Complaint.

14. Plaintiffs have failed to establish sufficient grounds under Rule 23(b) for certification of a class action claim.

15. Plaintiffs' claims for breach of the covenant of good faith and fair dealing are not actionable separate from the claim for Title IX damages.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

Defendants raise the above claims and defenses so that they will not be waived. Defendants reserve the right to add additional affirmative defenses throughout the course of discovery. Some of Defendants' affirmative defenses may not apply when this case proceeds to trial. At the Pretrial Conference Defendants will dismiss any affirmative defense which does not appear to be reasonably based and supported by the facts and/or law.

## RELIEF SOUGHT

Defendants request the Court to dismiss the Complaint with prejudice, award Defendants their costs, and for such other relief as the Court deems proper.

## JURY DEMAND

Defendants hereby demand a trial by jury of all issues of fact raised herein.

DATED this  18th  day of   October  , 2021.

                                                      /s/ *Susan Moriarity Miltko*
                                      Susan Moriarity Miltko, Esq.
                                      James D. Johnson, Esq.
                                      Hannah I. Higgins, Esq.
                                      *Attorneys for Defendants Montana University Systems and University of Montana*