Williams Law Firm, P.C.
Susan Moriarity Miltko, Esq.
James David Johnson, Esq.
Hannah I. Higgins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
susan@wmslaw.com
james@wmslaw.com
hannah@wmslaw.com
*Attorneys for Defendants*
*Montana University System, and*
*University of Montana–Missoula*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, and RHONDIE VOORHEES,<br><br>    Plaintiffs,<br><br>-vs-<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA–MISSOULA, and JOHN DOE DEFENDANTS 1-50,<br><br>    Defendants. | CV 21-88-M-BMM<br><br>**DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION** |

Defendants Montana University System and University of Montana-Missoula move the Court to deny class certification in this matter. As set forth in the accompanying brief in support, class certification is only proper where the requirements of Fed. R. Civ. P. 23 have been met. A class may only be certified if

1

the class is sufficiently numerous, has common questions of law or fact, the named parties have claims typical of the class as a whole, and the class is adequately represented. Fed. R. Civ. P. 23(a). Once those four elements have been met, a class may be certified if it meets one of the elements of Rule 23(b).

Presently, Plaintiffs fail to establish a sufficiently numerous class, lack common questions of law or fact, the named Plaintiffs' claims are not typical of the class claims, and the class is not adequately represented due to conflicts between class members under Rule 23(a). Additionally, the class certification is inappropriate under all three elements of Rule 23(b). Class certification risks putative class members' rights and remedies and would result in a highly inefficient and unfocused trial forum.

Defendants are entitled to request an order to deny certification. *See generally*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009). "Rule 23 does not preclude a defendant from brining a 'preemptive' motion to deny certification." *Id*. at 939. To the contrary, "[a] defendant may move to deny class certification before a plaintiff files a motion to certify a class." *Id*. at 941.

As such, class certification must be denied, and Defendants respectfully move this Court for the same. This motion is supported by the pleadings, by Plaintiffs' own assertions regarding their facts, claims, and defenses, and by the brief filed concurrently with this motion.

Pursuant to Local Rule 7.1(c)(1), counsel for Plaintiffs advise they oppose this motion.

DATED this  25th  day of  March  , 2022.

                                         /s/ Susan Moriarity Miltko
                                    Susan Moriarity Miltko, Esq.
                                    James D. Johnson
                                    Hannah I. Higgins
                                    *Attorneys for Defendants Montana University System and University of Montana–Missoula*