Williams Law Firm, P.C.
Susan Moriarity Miltko, Esq.
James David Johnson, Esq.
Hannah I. Higgins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
susan@wmslaw.com
james@wmslaw.com
hannah@wmslaw.com
*Attorneys for Defendants Montana
University Systems and University of Montana*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, RHONDIE VOORHEES, COURTNEY BABCOCK, LAURA BERKHOUSE, RUTH ANN BURGAD, JANE DOE 1, JENNIFER COOPER, CINDY FERGUSON, FRIEDA HOUSER, SHERRIE LINDBO, JENNIFER MCNULTY, KATHLEEN REEVES, JANE DOE 2, VIDA WILKINSON, JACKIE HEDTKE, and LAURA JOHN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  -vs-<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA–MISSOULA, and JOHN DOE DEFENDANTS 1-50,<br><br>  Defendants. | **CV 21-88-M-BMM**<br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL** |

Defendants Montana University System ("MUS") and University of Montana–Missoula ("UM") submit the following Brief in Support of Defendants' Motion for Partial Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek the dismissal of the claims brought by the newly added Plaintiffs, Jackie Hedtke ("Hedtke") and Laura John ("John"), as such claims are clearly barred by the applicable statute of limitations.

## I. INTRODUCTION

In amending their Complaint for a third time, Plaintiffs continue to ignore core tenets of the law by including individuals with untimely claims. The claims of the newest Plaintiffs accrued ten years or more before the filing of the Third Amended Complaint, and at least eight years before this action arose. Since the applicable statute of limitations is three years, these allegations fall far outside the statute of limitations and are not actionable.

The case has been in litigation since August 2021 when Plaintiffs filed both their original Complaint and First Amended Complaint. Plaintiffs sought class certification of broad class claims—involving every current and former employee of the Montana University System since 2013—under Title IX. (Dkt. 1, Compl. & J. Demand, Aug. 4, 2021, CV-21-88-M-BMM (hereinafter "Dkt. 1"); Dkt. 5, 1st Am. Compl., Req. for Class Certification, & J. Trial Demand, Aug. 19, 2021, CV-21-88-M-BMM (hereinafter "Dkt. 5")). In its October 3, 2022, Order, the Court denied

2

Plaintiffs' request for class certification without prejudice. (Dkt. 58, Order, Oct. 3, 2022, CV-21-M-BMM).

After denying class certification, the Court issued an Amended Scheduling Order, allowing Plaintiffs until January 6, 2023, to amend their Complaint or join parties. (Dkt. 64, Amended Scheduling Order, Nov. 11, 2022, CV-21-M-BMM). Plaintiffs amended their Complaint for a third time on January 6, 2023, adding two Plaintiffs: Jackie Hedtke and Laura John. (Dkt. 65, 3d Am. Compl., Req. for Class Certification, & J. Trial Demand, Jan. 6, 2023, CV-21-88-M-BMM (hereinafter "Dkt. 65, TAC")). According to the Complaint, the claims alleged by Hedtke and John arose, at the latest, in 2013 and 2011, respectively.

As discussed below, statutes of limitations do not accrue when plaintiffs learn they may have a legally cognizable claim. To the contrary, it is the injury that triggers the clock of the statute of limitations. Here, the statute of limitations has long since expired for the claims brought by Hedtke and John.

## II.   BACKGROUND

While Defendants dispute Plaintiffs' allegations, the applicable standard for a Fed. R. Civ. P. 12 Motion is whether the allegations, when taken as true, are actionable as a matter of law. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, for purposes of this brief, Defendants take the untimely allegations brought by Hedtke and John as true and summarize them as follows.

3

### A. Jackie Hedtke

Plaintiff Jackie Hedtke lives in Lolo. (Dkt. 65, TAC, ¶ 19). She was hired by UM as an Assistant Director for Operations at the Adams Center in July 2006. (Dkt. 65, TAC, ¶ 331). Ms. Hedtke was employed in that position for seven years. (Dkt. 65, TAC, ¶ 339). Ms. Hedtke alleges that UM chose not to renew her contract due to a change in the job description. (Dkt. 65, TAC, ¶ 339). She further alleges she was subject to retaliation and a hostile and discriminatory environment during her tenure at UM, specifically beginning in 2012. (Dkt. 65, TAC, ¶¶ 335–36, 345). She alleges that this is due to both her gender and her sexual orientation. (Dkt. 65, TAC, ¶ 337–38, 340–43). Ms. Hedtke seeks monetary damages. (Dkt. 65, TAC, ¶¶ 346–47).

### B. Laura John

Plaintiff Laura John lives in Oregon. (Dkt. 65, TAC, ¶ 20). She alleges that she was admitted as a graduate student in the Clinical Psychology Program at UM in 2006 and worked as a graduate student in the Program. (Dkt. 65, TAC, ¶ 348–49). Ms. John is a Native American and was a mother during her time at UM, which she alleges slowed her studies and required accommodations in her program. (Dkt. 65, TAC, ¶¶ 350, 356–57).

Ms. John alleges that UM informed her in 2011 that she would not be a PhD candidate and could only receive a master's degree. (Dkt. 65, TAC, ¶¶ 358–359, 366–367). She alleges that UM "ended" her education with the Clinical Psychology

program five years after beginning her program in 2006. (Dkt. 65, TAC, ¶ 366 (since five years after 2006 is 2011)). She alleges that UM discriminated against women within the Department of Psychology, particularly those who were outspoken or challenged the Department. (Dkt. 65, TAC, ¶¶ 354, 364–65). She also alleges that she was subjected to a hostile and discriminatory culture, in part due to her gender and in part due to her needing accommodations as a mother, causing her damages. (Dkt. 65, TAC, ¶¶ 362–63, 367–68). Ms. John claims loss of opportunity and denial of a Ph.D., and she seeks monetary damages. (Dkt. 65, TAC, ¶¶ 366–71).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal for failure to state a claim. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555 (internal citations omitted). The rules require more than simply listing the elements of a cause of action or providing overarching labels and conclusions. Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555. Factual allegations contained within a complaint must "be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true even if doubtful in fact." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Where the pleadings indicate the statute of limitations has run, a defendant can raise such a defense through a motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Specifically, motions to dismiss based on the statute of limitations are based on "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *see also*, *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990). When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule Civil Procedure 12(b)(6), a court construes the material facts in the complaint in a light most favorable to the plaintiff and assumes them to be true. *W. Mining Council v. Watt*, 643 F.2d 618, 624, 629 (9th Cir. 1981).

Where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," the court may dismiss the complaint. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995). Put differently, where untimeliness appears beyond doubt based on the pleadings, a claim should be dismissed as time barred. *Id*.

## IV. ARGUMENT

### A. **Hedtke's and John's claims are indisputably time barred because they fall far outside of the applicable three-year statute of limitations.**

1. *In Montana, the statute of limitations for Title IX claims is three years*.

The applicable statute of limitations for the Title IX claims brought by all Plaintiffs in this matter, including Ms. Hedtke and Ms. John, is three years. While

6

Title IX has no express statute of limitations, the Ninth Circuit borrows from the forum state's personal injury statute of limitations. *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006). In doing so, the *Stanley* Court noted that every circuit to consider the issue has held that the relevant state's statute of limitations for personal injury applies, found that the sister circuits' reasoning is compelling, and unequivocally held a personal injury statute of limitations applies. *Id.* Montana's statute of limitations for personal injury actions is three years. *Id*. at 1135–36; Mont. Code Ann. § 27-2-204(1) (2021). As such, the United States District Court for the District of Montana has used Montana's three-year personal injury statute of limitations for Title IX claims. *See Slice v. Schweitzer*, No. CV 07-04-H-DWM-RKS, 2008 WL 5435338 at *7 (D. Mont. June 5, 2008) (addressing Title IX in the context of educational programs in state prisons and holding that a prisoner's claims were time barred under Montana's three-year personal injury statute of limitations).

Here, Hedtke's and John's claims, which are brought and occurred in Montana, are subject to a three-year statute of limitations.

> 2. *The three-year statute of limitations has long expired on Hedkte's and John's claims.*

The pleadings demonstrate that Hedtke's and John's claims are time barred—accruing and expiring long before this lawsuit began. While state law determines the length of the limitations period, "federal law determines when a civil rights claim

7

*accrues.*" *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (emphasis in original); *see also Stanley*, 433 F.3d at 1136 ("Although Title IX borrows a state statute of limitations period, federal law governs the 'determination of the point at which the limitations period begins to run.'" (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991))).

Federal law dictates that causes of action generally accrue "'when the plaintiff knows or has reason to know of the injury which is the basis of [the] action.'" *Id.* (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)); *see also Slice*, 2008 WL 5435338 at *7 (quoting *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)). The key inquiry is when the adverse employment action or actual injury occurs. *Lukovsky*, 535 F.3d at 1049–50. The "plaintiff's awareness of the adverse employment action [i]s crucial to the accrual analysis." *Id.* at 1050.

This is true even when "the consequences of the action [are] not fully felt." *Id.* For example, in *Lukovsky*, a group of plaintiffs alleged that an employer gave preferential hiring treatment to certain individuals based on race. *Id.* at 1046–47. The defendants argued that the claims were barred by the applicable statute of limitations because the plaintiffs knew that they were not hired for several years before bringing their claims. *Id.* The Ninth Circuit found the district court correctly determined the accrual of the statute of limitations began when the plaintiffs learned they would not be hired because that is when the plaintiffs knew of their injury and who caused the

8

injury, "even if at that point in time the plaintiffs did not know of the legal injury." *Id*. at 1051–52; *see also Samuelson v. Oregon State University*, 162 F.Supp.3d 1123, 1126–28 (D. Or. 2016) (finding a plaintiff's claim, brought 15 years after her own assault, to be barred by the statute of limitations even though she later learned that her former college was also deliberately indifferent to earlier rapes as well as her own).

Presently, the pleadings unequivocally demonstrate that both Hedtke's and John's claims accrued and expired long before the filing of any of Plaintiffs' Complaints, including the original Complaint, First Amended Complaint, Second Amended Complaint or Third Amended Complaint. Even if the date of the original Complaint was the last day to file a claim[1], then the earliest accrual date the statute of limitations was August 4, 2018. Each Plaintiff is addressed in turn.

(a) Ms. Hedtke's statute of limitations expired, at the latest, in 2016.

The pleadings irrefutably demonstrate that Ms. Hedtke's claims are barred by the statute of limitations. Ms. Hedtke was employed by UM for seven years, beginning in 2006. (TAC, ¶ 339). As pleaded, all possible allegations that Ms.

---

[1] Importantly, Defendants contend that the date of the Third Amended Complaint, wherein Ms. Hedtke's claims and Ms. John's claims were filed, is the appropriate and controlling date for such claims. Defendants reserve this argument, as applicable, to other Plaintiffs in this case. Presently, this Court needs not address this issue here, as the statute expired *years* before of the date of filing even for the original Complaint filed in 2021.

9

Hedtke asserts, including hostile and discriminatory culture, occurred during her seven years with UM. (TAC, ¶¶ 331–47). Ms. Hedtke does not allege discrimination after her employment ended; indeed, she does not mention any interaction with UM after 2013. (TAC, ¶¶ 331–47). Seven years after 2006 places the end of Ms. Hedtke's employment with UM in 2013—eight years before the filing of the original Complaint. (*See generally*, TAC, ¶¶ 331–47).

Importantly, as demonstrated in *Lukovsky*, the statute of limitations on Ms. Hedtke's claims did not accrue when she learned of a possible legal wrong but when she had reason to know of the adverse employment action or actual injury, which, at the latest, was 2013. To the extent Ms. Hedtke's claims are based on the behavior of her male supervisor, those actions took place from 2012 to 2013, and Ms. Hedtke had reason to know of the injury at that time. (TAC, ¶¶ 335–36, 339, 345). To the extent Ms. Hedtke's claims are based on the nonrenewal of her contract, the statute of limitations accrued when she learned her contract would not be renewed in 2013, like the *Lukovsky* plaintiffs learning they would not be hired.

Even if the claims accrued from the latest possible date—2013—Ms. Hedtke's statute of limitations expired in 2016. (*See generally*, Dkt. 1 (filed Aug. 4, 2021) and SAC (filed July 29, 2022)). As such, Ms. Hedtke's claims are time-barred and must be dismissed as a matter of law.

//

(b) Ms. John's statute of limitations expired, at the latest, in 2014.

Ms. John's claims are similarly outside of the statute of limitations. As pleaded, Ms. John alleges she was a graduate student from 2006 to 2011. (TAC, ¶¶ 348–49, 366). The actual injury alleged by Ms. John—including that she was treated differently because of her gender and because she was a mother and needed accommodations—occurred during her graduate studies, and she had reason to know of the alleged injury at that time. (TAC, ¶¶ 350, 354–57, 362–65). Ms. John does not allege discrimination after 2011, nor does she mention any interaction with UM after that. (TAC, ¶¶ 348–371).

Applying *Lukovsky*, Ms. John's claims accrued, at the very latest, when she learned of the alleged termination of her position. Five years after 2006 places the end of Ms. John's education and employment with UM in 2011. (*See generally*, TAC, ¶¶ 348–371). Notably, 2011 was *ten* years prior to the filing of the original Complaint in 2021. Because Ms. John's claims, as pleaded, appear to have accrued in 2011, the three-year statute of limitations expired in 2014, several years prior to the date of the original Complaint. Ms. John's claims are therefore unequivocally and undeniably barred by the three-year statute of limitations.

V. CONCLUSION

With the three-year statute of limitations applicable to Title IX claims in Montana Federal Court, Ms. Hedtke's and Ms. John's claims, on their face, fall far

11

outside of the limitations period. Dispositively and decisively, Ms. Hedtke's and Ms. John's claims are time-barred. As such, Defendants respectfully request that the Court dismiss Ms. Hedtke's claims and Ms. John's claims.

DATED this  20th  day of  January , 2023.

                                                  /s/ *Susan Moriarity Miltko*
Susan Moriarity Miltko, Esq.
James D. Johnson, Esq.
Hannah I. Higgins, Esq.
*Attorneys for Defendants Montana University Systems and University of Montana*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing support brief complies with the 6500-word limit of L.R. 7.1(d)(2)(A), in that it consists of 2,535 words as calculated by Microsoft Word 2016, excluding the parts of the brief exempted by the rule; and with L.R. 1.5(a), in that it is double spaced except for quoted material and footnotes, and typewritten in 14-pt font size.

                                                  /s/ *Susan Moriarity Miltko*
Susan Moriarity Miltko, Esq.
*Attorneys for Defendants Montana University Systems and University of Montana*