## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, RHONDIE VOORHEES, COURTNEY BABCOCK, LAURA BERKHOUSE, RUTH ANN BURGAD, JANE DOE 1, JENNIFER COOPER, CINDY FERGUSON, FRIEDA HOUSER, SHERRIE LINDBO, JENNIFER MCNULTY, KATHLEEN REEVES, JANE DOE 2, and VIDA WILKINSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA–MISSOULA, and JOHN DOE DEFENDANTS 1-50,<br>                    Defendants. | **CV-21-88-M-BMM**<br><br>**ORDER** |

## ORDER

The Court held a telephonic status conference in this matter on March 2, 2023. (Doc. 89.) The parties presented several unresolved discovery issues. The Court, having considered the parties' positions and arguments, orders the following:

1) The Court directs Defendants to respond to Plaintiffs' original request for production of sixty-eight current and former employee personnel files. The Court

will allow Plaintiffs to request ten personnel files per plaintiff for Plaintiffs' outstanding request for production. The Court directs Defendants to redact the personnel files as appropriate. If Defendants determine that some documents' redactions would address insufficiently their privacy concerns, the Court directs Defendants to file such documents for *in camera* review.

The Court, in ordering Defendants to produce these files, determines that personnel files represent discoverable information. *Garrett v. City & Cnty of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987). This remains true even where state constitution-based privacy rights may arise. *See, e.g.*, *Thomas v. Hickman*, 2007 WL 4302974, at *4 (E.D. Cal 2007). The Court recognizes that Defendants have raised a privacy objection in response to this request for production: although Federal Rule of Civil Procedure 26 "contains no specific reference to privacy . . . such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35, n.21 (1984).

The Court acknowledges the privacy interest at play here and has balanced Plaintiffs' asserted need for this information against the privacy concerns Defendants have raised. The Court determines that the relevance of these personnel records to Plaintiffs' claims outweighs the privacy interests Defendants have identified, particularly given the safeguards that redaction and potential *in camera* review will provide.

2) The Court directs Defendants to file a response to Plaintiffs' request for identification of the entity paying litigation costs.

3) The Court will allow Jane Doe 1, Jenny McNulty, and Vida Wilkinson to appear remotely at their depositions. If Defendants determine that the remote deposition does not allow proper questioning of the deponents, Defendants may file a motion seeking additional, in-person depositions.

4) The Court directs the parties to confer and attempt to craft manageable search term requests. The parties shall report back to the Court by March 17, 2023 if they remain unable to agree upon the proper scope of word searches for electronically searchable information.

DATED this 6th day of March, 2023.

_____

Brian Morris, Chief District Judge
United States District Court