IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CATHERINE COLE, BARBARA KOOSTRA, MARY-ANN SONTAG BOWMAN, RHONDIE VOORHEES, RUTH ANN BURGAD, JANE DOE 1, JENNIFER COOPER, CINDY FERGUSON, FRIEDA HOUSER, SHERRIE LINDBO, JENNIFER MCNULTY, JANE DOE 2, VIDA WILKINSON, and VANDIE THERIOT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MONTANA UNIVERSITY SYSTEM, UNIVERSITY OF MONTANA-MISSOULA, and JOHN DOE DEFENDANTS 1-50, <br>                   Defendants. | **CV-21-88-M-BMM** <br><br> **ORDER** |

**INTRODUCTION**

The Court held a telephonic status conference in this matter on the record on November 27, 2023. (Doc. 153.) The parties presented several unresolved discovery issues. The Court, having considered the parties' positions and arguments, orders the following:

1) Plaintiffs may request up to 15 transcripts be unredacted from personnel files previously disclosed by Defendants. Plaintiffs must designate the 15 transcripts they request be unredacted by December 8, 2023. Defendants shall have until December 15, 2023, to respond to Plaintiffs' request for the unredacted transcripts. The Court recognizes that the Plaintiffs' need for the unredacted transcripts must be balanced against the privacy right asserted by the Defendants. *See Keys v. W. Montana Mental Health Ctr.*, No. CV 15-32-M-DLC, 2015 WL 12748266, at *6 (D. Mont. Oct. 13, 2015).

Plaintiffs assert a need for the unredacted transcripts to uncover information related to applicant qualifications and academic merit. The Court recognizes that Defendants maintain an interest in protecting the privacy interest of its employees and students. The Court is satisfied, however, that Plaintiffs need is greater than the Defendants asserted interest because the Court is not aware of any other avenue for the Plaintiffs to gain access to these records. The Court orders that the disclosed transcripts shall be covered by the protections of the Court's Protective Order, dated December 28, 2021, and shall not be shared with any persons or parties that are not party to this litigation. (Doc. 27.) The Court's Protective Order provides in relevant part:

> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(*Id.* at 5.)

2) Defendants shall disclose data concerning all Title IX reports or complaints from August 19, 2013, to August 4, 2021. Defendants shall include the number of Title IX complaints, the generalized nature of the complaints, and the resolution or outcome of the complaints. Defendants shall present such information in a manner which contains no individual identity information or specific characteristics.

The Court balances the Plaintiffs' need for such information against privacy rights asserted by the Defendants. *See Keys*, 2015 WL 12748266 at *6. The Court determines that the production of general, non-specific, non-individualized data concerning Title IX complaints and actions does not implicate a cognizable privacy interest because such information is presented without personal identifying information or information that may reveal personal details. The Court recognizes also that Plaintiffs require such information to understand Defendants' handling of Title IX and gender discrimination complaints. The Court further orders that the disclosed Title IX data shall be covered by the protections of the Court's

Protective Order, dated December 28, 2021, and shall not be shared with any persons or parties that are not party to this litigation. (Doc. 27.) The Court's Protective Order Provides in relevant part:

> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(*Id.* at 5.)

3) Defendants shall produce any Title IX complaints or reports made by or concerning Plaintiff Mary-Ann Sontag Bowman ("Bowman"). The Court recognizes that Plaintiffs' need to understand Defendants' handling of Plaintiff Bowman's complaints is substantial. The Court balances this substantial need against Defendants' privacy interest. *See Keys*, 2015 WL 12748266 at *6. The Court determines that Plaintiffs' need outweighs Defendants asserted privacy interest. Bowman is a plaintiff in this action, and Defendants' handling of her Title IX report is especially relevant to her claims.

The Court additionally orders that Plaintiff Bowman's Title IX complaint and all reports concerning Plaintiff Bowman are subject to the Court's Protective Order, dated December 28, 2021, and shall not be shared with

any persons or parties that are not party to this litigation. (Doc. 27.) The Court's Protective Order Provides in relevant part:

> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(*Id.* at 5.).

4) Defendants shall identify each person who is a witness in this action who was also a witness in the matter *Schweyen v. University of Montana-Missoula*, CV 21-138-M-DLC. Defendants shall produce a copy of the deposition transcripts for all individuals so identified. The Court orders that the protective order entered in *Schweyen* shall apply to deposition transcripts disclosed by Defendants in this action. *See* CV 21–138–M–DLC (Doc. 30). The *Schweyen* protective order provides in pertinent part:

> Upon being informed that certain portions of a deposition transcript are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Stipulation and Order.

(*Id.* at 5.) The *Schweyen* protective order also provides:

> All Confidential material shall be used by the receiving Parties solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Parties for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Parties to anyone other than

those set forth in Section 3, unless and until the restrictions herein are removed either by written agreement of counsel for all Parties or by Order of the Court.

(*Id.* at 2.) The Court further orders that the identity of the witnesses and the deposition transcripts produced are subject to the Court's Protection Order dated December 28, 2021, and shall not be shared with any persons or parties that are not party to this litigation. (Doc. 27.) The Court's Protective Order Provides in relevant part:

> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(*Id.* at 5)

DATED this 28th day of November 2023.

_____
Brian Morris, Chief District Judge
United States District Court